## SOUTHEASTERN FINANCE CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11504.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1946.

Douglas D. Felix, of Miami, Fla., for petitioner.

Harry Baum, Robert N. Anderson, and Melva M. Graney, Sp. Assts. to Atty. Gen., Sewall Key, Acting Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bur. Int. Rev., and C. E. Lowery, Sp. Atty., Bur. Int. Rev., both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This appeal involves delinquency penalties for taxpayer's failure to file timely personal holding company returns for the years 1940 and 1941.

The question is: Did taxpayer establish "reasonable cause" for its failure to file timely personal holding company returns within the meaning of Section 291 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 291?

Taxpayer was a corporation organized under the Florida laws on August 31, 1939. It was engaged in the business of discounting and rediscounting conditional sales contracts, and supporting installment notes, chattel mortgages and other evidences of debt. It made direct loans, with and without collateral, and charged interest thereon. It filed its tax return on the accrual basis. Its fiscal year ended August 31, and it did not file timely personal holding company return for either 1940 or 1941, but filed such returns for both years on December 31, 1941. The "reasonable cause" shown by taxpayer was that it was first advised about the middle of December 1941 by its accountant that he believed taxpayer might be considered a personal holding company "because of some question that our income was all interest" and because of the manner in which the books were kept.

The Tax Court held that taxpayer was a personal holding company and that ruling is not contested here.

The Tax Court further held that taxpayer had not shown that its failure to file timely personal holding company returns was due to a reasonable cause and that taxpayer was liable for statutory penalties under Section 291 of the Internal Revenue Code. 26 U.S.C.A. Int.Rev.Code, § 291.

Reasonable cause means nothing more than the exercise of ordinary business care and prudence. The issue presented is purely factual. Taxpayer's evidence showed that its president and general manager did not know that it was required to file the returns until taxpayer's accountant called this matter to his attention on December 13, 1941. This was its excuse before the Tax Court as to why the returns had not been made, and that

Court held such showing insufficient as a reasonable cause. We may not overturn the decision of the Tax Court where it rests upon substantial evidence, as here. Commissioner v. Lane-Wells Co., 321 U.S. 219, 225, 64 S.Ct. 511, 88 L.Ed. 684; West Side Tennis Club v. Commissioner, 2 Cir., 111 F.2d 6, 9, 130 A.L.R. 103; Girard Inv. Co. v. Commissioner, 3 Cir., 122 F.2d 843; Dobson v. Commissioner, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; Commissioner v. Scottish American Co., 323 U.S. 119, 123, 124, 65 S.Ct. 169.

We find no reversible error in the record, and the judgment is affirmed.