THE NIROSTA CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9604.   Promulgated May 9, 1947.

*Daniel J. Hanlon, Esq.*, for the petitioner.
*J. Frost Walker, Jr., Esq.*, for the respondent.

### OPINION.

HARLAN, *Judge*: This proceeding involves a determination by the Commissioner that a 25 per cent addition to tax should be imposed upon the petitioner in the amount of $3,324.45 for its failure in 1942 to file a personal holding company income tax return for the taxable year 1942.

The facts in this case were all submitted by stipulation and are as follows:

The Nirosta Corporation, petitioner herein, was incorporated under the laws of the State of Delaware on October 10, 1928, under the name of "Krupp Nirosta Co., Inc.," with its principal office at 27 William Street, New York, New York.

On January 15, 1940, the name of the petitioner was changed from "Krupp Nirosta Co., Inc." to "The Nirosta Corporation."

The petitioner keeps its books on the accrual basis of accounting.

Petitioner's income tax return for the calendar year 1942 was filed with the office of the collector of internal revenue for the second district of New York.

The petitioner's capital stock consists of 1,200 shares of common stock of the par value of $1 per share.

The petitioner's business is "licensing under patents," and substantially all of its income consists of royalties, with a small amount from dividends and interest on investments.

Immediately prior to June 16, 1937, the stockholders of petitioner, as shown by its stock register, were as follows:

|  | Shares |
|---|---|
| Fried. Krupp A. G., of Essen Germany | 615 |
| Crucible Steel Co | 250 |
| Armstrong, Dorothy H | 90 |
| Republic Steel Co | 50 |
| Ludlum Steel Co | 135 |
| Dominick & Dominick | 60 |
| Total | 1,200 |

On June 16, 1942, the Alien Property Custodian issued Vesting Order No. 22, which:

* * * Hereby directs that such property including any and all interest therein shall be and the same hereby is vested in the Alien Property Custodian, to be held, used, administered, liquidated, sold, or otherwise dealt with in the interest of and for the benefit of the United States; such property being described as follows:

715 shares of the capital stock of The Nirosta Corporation (a Delaware corporation) consisting of the following:

a. 615 shares registered in the name of Wolframerz, A. G., Glarus, Switzerland, and the interest, if any, therein of Dr. Hanns Truempy.

b. 100 shares registered in the name of Emil Schill.

The 615 shares of stock were, on June 16, 1937, transferred by Fried. Krupp A. G., of Essen, Germany, to Handel Maatschippi H. Albert de Bary & Co., N. V. Heerengracht 450, Amsterdam–C. Holland.

On July 7, 1939, Handel Maatschippi H. Albert de Bary & Co. transferred the 615 shares to Wolframerz A. G., of Glarus, Switzerland.

With respect to the *bona fides* of the transfers mentioned above, the parties hereto by this stipulation saith not.

The Alien Property Custodian of the United States, since the seizure and holding of stock in petitioner pursuant to Vesting Order No. 22, has controlled the management of the petitioner and has designated the directors and officers of the petitioner. In May 1943 the officers of the corporation were as follows:

| | |
|---|---|
| Chairman of the board | Howland H. Sargeant |
| President | Allen A. Dicke |
| Vice president | Hellmer R. Johnson |
| Secretary | Edgar M. Cullman |
| Treasurer | Paul S. Seward |

All of the deficiencies and penalties asserted by the Commissioner in the deficiency notice herein for the calendar years 1938, 1939, and 1942 have been paid, except the penalty in the amount of $3,324.45 for the calendar year 1942 asserted by the Commissioner of Internal Revenue pursuant to the provisions of section 291 of the Internal Revenue Code, made applicable by section 508 of the code.

The petitioner, in a statement attached to its income tax return for the calendar year 1942 (Form 1120), stated as follows:

*Answer to question 7:*

As to Personal Holding Company, disclosure is made as follows:

Taxpayer contends it is not a personal holding company, although Revenue Agent examining 1940 return has asserted a deficiency of personal holding company surtax, claiming that the then record ownership by Wolframerz A. G. of Glarus, Switzerland, of 615 shares out of 1,200 outstanding, makes it a personal holding company because (quoting his report) : "It has been impossible to learn who were the stockholders of that corporation in 1940. Under the circumstances it has been held that fewer than five individuals own over 50% of this corporation's stock."

Taxpayer (and the Alien Property Custodian who has vested this stock holding interest) has explained and contends that it is not a personal holding company because the alleged transfer of these 615 shares of Wolframerz (of Switzerland) were not the result of a bona fide transaction and Fried. Krupp A. G. (of Germany), the transferor, is still the beneficial owner.

*Answer to question 9 (b)—stock owner, 50% or more:*

(1) Wolframerz A. G., Glarus, Switzerland (now vested in Alien Property Custodian)—See Note.
(2) 51.25%.
(3) June 11, 1940.
(4) Not known.

*Note:* See explanation of beneficial ownership under Answer to Question 7.

The petitioner herein has not filed personal holding company returns (Form 1120H) for the taxable years 1938 through 1942.

In addition to the above stipulation of facts this Court, at the request of counsel for the taxpayer, takes judicial notice that the Alien Property Custodian of the United States is a duly constituted officer of the United States and that the 615 shares of stock of petitioner were seized under the laws of the United States; that the United States, during all times involved in this hearing, is and was the owner of said shares by virtue of said seizure; and that the United States was at war with Germany during the years 1942 and 1943.

However, based upon the stipulated facts and the additional matters of which this Court takes judicial notice, we are unable to find sufficient facts to overrule the determination of liability for addition to tax by the Commissioner herein.

The petitioner has paid tax for 1942 as a personal holding company. It thus has conceded that it met all of the requirements of a personal holding company, including the one that during the last half of the taxable year more than 50 per cent in value of its outstanding stock was owned directly or indirectly by or for not more than five individuals. It nevertheless contends that it is not liable for the 25 per cent penalty for failing to file a personal holding company return for that year.

The imposition of a 25 per cent addition to the regular tax of a personal holding company for failure to file a personal holding company income tax return is mandatory unless the taxpayer shows that it not only was free from willful neglect, but also had reasonable cause for failure to file such return. The fact that the taxpayer in good faith did not believe that it was a personal holding company will not avoid the liability for the additional tax. Cf. *R. Simpson Co.*, 44 B. T. A. 498; *Noteman v. Welch*, 108 Fed. (2d) 206.

In the case at bar the taxpayer had the benefit of a ruling by the revenue agent in 1940 that it was a holding company. This, of course, would put the taxpayer on notice, but it was evidently still unconvinced and based that lack of conviction on the fact that "it has been impossible to learn who were the stockholders of that corporation in 1940." Yet there was no evidence introduced, nothing stipulated, and nothing in the facts of which this Court may take judicial notice which would show the impossibility of procuring the information which the taxpayer deemed necessary before it could file a personal holding company tax return. The fact that this country and Germany were at war in 1942 and 1943 undoubtedly would make the procurement of such information difficult, but this Court can not take judicial notice that the procurement of such information was impossible and the taxpayer has given us no evidence that it even made any attempt during 1942 and 1943 to procure this information. The failure to make any effort to procure information as to the stockholders of petitioner under conditions existing in 1942 and 1943 might excuse the taxpayer of being guilty of willful neglect, but certainly, when it had been told by the revenue agent that it was considered a personal holding company, the failure to exert some effort to obtain information which would contradict that claim would deprive it of any reasonable cause for failure to file a personal holding company income tax return.

We therefore find from all of the record in this case that the petitioner has not shown a reasonable cause for failure to file a personal holding company income tax return for 1942.

*Decision will be entered for the respondent.*