GENESEE VALLEY GAS COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12874.   Promulgated August 19, 1948.

*John J. Geraghty, Esq.,* and *David B. Landis, Esq.,* for the petitioner.

*William A. Schmitt, Esq.,* for the respondent.

OPINION.

HILL, *Judge*: It is stipulated that "petitioner was a personal holding company in each of the taxable years 1941 and 1942 within the meaning of section 501 of the Internal Revenue Code and is liable for the personal holding company surtax on its undistributed sub-Chapter A net income for each of said years as provided by section 500 of the Internal Revenue Code."

The only issue we have to decide is whether petitioner is liable for the statutory penalties for failure to file personal holding company surtax returns for the years here involved.

Petitioner contends that such failure was due to reasonable cause and not to willful neglect. Respondent contends contra.

Petitioner's president testified that he did not know that petitioner was a personal holding company within the meaning of the statute; that it did not occur to him that as a result of the reorganization of petitioner its character had been changed from that of a holding company to a personal holding company. He further testified, in effect, that his conception of a personal holding company was a corporation whose stock was owned by one person or by a family group. He testified, also, that two different firms of attorneys and petitioner's accountant were familiar with the business of petitioner and of the proceedings of its reorganization and that none of them advised petitioner that it was a personal holding company as a result of its reorganization or that it should file, from and after that event, personal holding company surtax returns.

Petitioner's accountant testified that he made an annual audit of petitioner's books and made a report of each such audit. He also testified that in making such audit he checked the petitioner's income tax returns with the books and that he had access to and examined the stock certificate book and the stock certificate stubs. He testified that he did not prepare the income tax returns for petitioner and gave no consideration to the question as to whether it was a personal holding company. He testified that he had advised other clients in regard to tax matters, but that such advice was not requested of him by petitioner. It does not appear from the evidence that the accountant knew that more than 50 per cent of the capital stock of petitioner was held by not more than five shareholders. It affirmatively appears from the accountant's testimony that he gave no consideration to that question, since he was not requested or employed to do so.

The testimony shows that petitioner engaged a firm of attorneys to conduct its reorganization proceedings and that such attorneys were familiar with the character of business and stock structure of petitioner, both before and subsequent to the reorganization, but that

petitioner was not advised by such attorneys that as a result of the reorganization it became a personal holding company. The evidence does not disclose that this firm of attorneys, or any member of it, knew that more than 50 per cent of the outstanding new capital stock of petitioner was held by not more than five shareholders. The testimony also shows that another firm of attorneys had been previously employed in a special case involving tax questions, but it was not so employed in connection with petitioner's reorganization proceedings. However, a member of such firm of attorneys was employed by petitioner to check and revise its draft of income tax return for the year 1939, which draft so submitted for examination contained the answer "No" to the question whether petitioner was a personal holding company. It does not appear from the evidence that the draft of the income tax return in question contained data which would advise the examining attorney that petitioner was a personal holding company. The evidence affirmatively shows that neither of the firms of attorneys, nor petitioner's accountant, nor any one else, was asked for advice as to whether petitioner was a personal holding company.

Petitioner seeks to support its contention that reasonable cause existed and that there was not willful neglect on its part for its failure to file personal holding company surtax returns for the years 1941 and 1942, because (1) of the misconception of its officers as to the meaning of personal holding company, and (2) of the fact that neither its accountant nor the attorneys above mentioned advised it that it was a personal holding company and should file a personal holding company surtax return. It claims that the same condition obtained with respect to its stock structure in 1941 and 1942 as existed in 1939 and that the failure of the accountant and the attorneys in question to advise it in respect of its character as a personal holding company in 1939 was equally applicable to the years 1941 and 1942.

In support of its contention that its failure to file the returns in question was due to reasonable cause and not to willful neglect, petitioner cites a number of cases, among which are *Hatfried, Inc.* v. *Commissioner*, 162 Fed. (2d) 628, and cases cited therein, and *Orient Investment & Finance Co. Inc.* v. *Commissioner*, 166 Fed. (2d) 601. The cases so cited by petitioner are each distinguishable on the facts from the instant case. The controlling distinction is that in the cases so cited the failure of the taxpayer to file a tax return was due to tax counsel advice, on which it was held that the taxpayer was justified in relying, that no return was required to be filed. Also, in many of the cited cases the taxpayer furnished its accountant or other tax counsel all information necessary for a determination of its Federal tax liability and relied on such counsel to prepare such returns as

were legally required. That is not the situation here and hence the cases cited are not applicable to the facts in the instant case.

In our view, petitioner has not sustained its burden of showing reasonable cause or lack of willful neglect in respect of its failure to file personal holding company surtax returns for the years here involved.

The facts which make petitioner a personal holding company under the applicable statute were well known to petitioner's responsible officers. The fact that they were ignorant of the law can not be accepted as a sufficient excuse for failure to file a personal holding company return. The failure of petitioner to investigate the question of its tax liability as a personal holding company in the face of the facts established by the evidence and by the stipulation of the parties constitutes willful neglect. By the same token, reasonable cause is not shown for the failure to file such returns. See *Ardbern Co., Ltd.*, 41 B. T. A. 910, 928; *Samuel Goldwyn, Inc., Ltd.*, 43 B. T. A. 1086; *Home Guaranty Abstract Co.*, 8 T. C. 617, 622; *P. Dougherty Co.* v. *Commissioner*, 159 Fed. (2d) 269, affirming 5 T. C. 791; and *West Side Tennis Club* v. *Commissioner*, 111 Fed. (2d) 6. We sustain the respondent on the penalty issue.

*Decision will be entered under Rule 50.*