LAWRENCE BLOCK CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13228. Promulgated March 17, 1949.

*Dana Latham, Esq.*, and *Austin H. Peck, Jr., Esq.*, for the petitioner. *A. J. Hurley, Esq.*, for the respondent.

OPINION.

ARNOLD, *Judge*: Petitioner filed delinquent excess profits tax returns for 1943 and 1944. Respondent determined a 25 per cent penalty under section 291, Internal Revenue Code, as to each year for failure to file timely returns. Petitioner contends that its failure was "due to reasonable cause and not due to willful neglect" within the meaning of section 291. The burden of establishing reasonable cause is on the taxpayer. *Girard Investment Co.* v. *Commissioner*, 122 Fed. (2d) 843.

That a taxpayer believes no return is required is itself insufficent to show that the failure to file was due to reasonable cause. *P. Dougherty & Co.*, 5 T. C. 791; affd., 159 Fed. (2d) 269; *Genesee Valley Gas Co.*, 11 T. C. 184 (on appeal, App. D. C.).

In *Fairfax Mutual Wood Products Co.*, 5 T. C. 1279, acquiescence 1946-1 C. B. 2, the officers of a corporation refrained from filing an excess profits tax return on the advice of the local collector's office. The president of the taxpayer fully discussed the matter with the local collector and his subordinates and, on their advice, attached to the return a statement explaining the absence of an excess profits tax return on the ground that the corporation was considered a personal service corporation. We concluded that the corporation did not willfully neglect to file the return and the imposition of the penalty was not justified.

In *Tarbox Corporation*, 6 T. C. 35, we sustained the imposition of the penalty for failure to file a personal holding company return for 1941 where it appeared that the tax returns were prepared by an

accountant who was only briefly informed of the corporate structure and did not discuss the matter with the sole stockholder and his attorney. Also in *Hermax Co.*, 11 T. C. 442, we sustained the penalty where the accountant was not shown to be familiar with Federal tax law.

In the present case the president and sole stockholder left the petitioner's tax matters entirely to Hancock, who kept the books and prepared the returns. The record does not show that in his inquiry at the office of the collector in March 1941 Hancock gave such information to the person from whom the inquiry was made as would enable that person properly to advise him with respect to the necessity for filing excess profits tax returns, or that such person was there for the purpose of advising taxpayers or had such knowledge of petitioner's business as would enable him to give reliable advice. So far as the record shows, he may have talked to a file clerk or some subordinate employee of the collector's office whose duties were in no way connected with advising taxpayers. He did not get the name of the person with whom he talked and did not discuss with Block the result of the interview. Furthermore, the inquiry was with respect to the year 1940, while the taxable years are 1943 and 1944. The taxpayer's income tax return for 1944 stated that an excess profits tax return was being filed for such year and showed the amount of excess profits net income for the purpose of determining the necessity for filing an excess profits tax return. Hancock had no explanation for these entries. This is not a case in which the taxpayer's officers, after consideration of all the circumstances and in reliance upon competent advice based upon a complete disclosure of the facts, came to the conclusion that the corporation was not subject to excess profits tax for 1943 and 1944. Taxpayers deliberately omitting to file returns must use reasonable care to ascertain that no return is necessary. We think the petitioner did not use such care. A convincing illustration of this is the failure of petitioner's officers in March 1946, when they learned that an excess profits tax return was required for 1945, to take warning that the requirement might also apply as to 1943 and 1944 and to make inquiry then as to petitioner's liability for those years. Respondent did not err in determining the penalties.

Reviewed by the Court.

*Decision will be entered for the respondent.*