HAYWOOD LUMBER AND MINING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15921. Promulgated May 11, 1949.

*C. Addison Keeler, Esq.*, for the petitioner.
*Henry C. Clark, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: Petitioner was a personal holding company within the definition of section 501 of the Internal Revenue Code during the years 1941 and 1942. Respondent imposed a 25 per cent delinquency penalty on petitioner for failure to file personal holding company surtax returns for those years under authority of section 3612 (d) (1) of the Internal Revenue code.[1] The sole question for our determination is whether petitioner's failure "was due to a reasonable cause and not to willful neglect." The burden of proof rests upon petitioner to show there was reasonable cause for its delinquency in 1941 and 1942. "Reasonable cause" has been interpreted by the courts to mean the exercise of ordinary business care and prudence. *Southeastern Finance Co.* v. *Commissioner*, 153 Fed. (2d) 205, affirming 4 T. C. 1069. Thus the question can be restated: "Did petitioner exercise ordinary business care and prudence in failing to file a personal holding company surtax return in 1941 and 1942?"

---

[1] SEC. 3612. RETURNS EXECUTED BY COMMISSIONER OR COLLECTOR.

\* \* \* \* \* \* \*

(d) ADDITIONS TO TAX.—

(1) FAILURE TO FILE RETURN.—In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax: *Provided,* That in the case of a failure to make and file a return required by law, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, if the last date so prescribed for filing the return is after August 30, 1935, then there shall be added to the tax, in lieu of such 25 per centum: 5 per centum if the failure is for not more than 30 days, with an additional 5 per centum for each additional 30 days or fraction thereof during which failure continues, not to exceed 25 per centum in the aggregate.

Petitioner's principal contention is that ordinary business care and prudence was exercised in failing to file the returns requisite for a personal holding company. The evidence reveals that petitioner's secretary-treasurer, Sprague, in both 1941 and 1942 relied solely on a certified public accountant, Wolcott, who was qualified on tax matters, to prepare the proper tax returns for petitioner and fully disclosed to him all information concerning the petitioner corporation which established it as a personal holding company, but Sprague did not ask Wolcott whether it was such, and Wolcott failed to advise him that it was necessary to file a personal holding company surtax return. Petitioner contends similar facts were high-lighted by the court in *Hatfried, Inc.* v. *Commissioner*, 162 Fed. (2d) 628, which held that the taxpayer had shown reasonable cause for its failure to file a personal holding company surtax return. Petitioner claims it is further buttressed by the fact that the *Hatfried* case decided the taxpayer there was not held accountable for the mistaken advice given by the tax adviser in that case.

Each case involving the question presented here and in the *Hatfried* case must be determined on its particular facts. Accordingly, the *Hatfried* case is not a precedent here unless the facts in the two cases are indistinguishable.

In the *Hatfried* case Form 1120 was filed and it was stated by the Circuit Court that it disclosed facts which established that Hatfried was a personal holding company. Its return was prepared by the accountant on whom Hatfried relied for advice and guidance as to its tax liability. In that return, on the advice of such accountant, Hatfried answered "no" to the question as to whether it was a personal holding company. Thus it appears that in that case the taxpayer relied on advice of its tax adviser and that such advice was affirmatively given. However, in the instant case none of petitioner's tax returns is in evidence. It does not appear from the record here whether any answer was made, under advice of petitioner's tax adviser or otherwise, as to whether petitioner was a personal holding company. On the other hand, it affirmatively appears that petitioner here neither sought nor received advice as to whether it was a personal holding company. Petitioner here made no effort to advise itself as to the requirement to file a personal holding company return. It merely awaited passively for such tax advice as Wolcott might volunteer to give.

In view of the dissimiliarity as above indicated between the factual situation here and that in the *Hatfried* case, it is apparent that the instant case is distinguishable from *Hatfried*.

It appears to us that petitioner has failed to sustain its burden of proving that ordinary business care and prudence were exercised in failing to file the personal holding company surtax returns.

Sprague, the executive officer of petitioner, was aware of the existence of a personal holding company surtax statute in 1941 and 1942. Furthermore, as secretary-treasurer of petitioner for many years, he knew that in 1941 and 1942 more than 50 per cent of its stock was owned by not more than five shareholders. During these same years he was also familiar with the fact that more than 80 per cent of the corporation's income in these years consisted of royalties from its mica mine. His claim that, notwithstanding his knowledge of the foregoing facts, he was, nevertheless, unaware that petitioner was required to file a personal holding company return, is merely a confession of ignorance of the law. It is well established that ignorance of the necessity for filing a tax return will not of itself relieve a taxpayer of the 25 per cent penalty. *Girard Investment Co.* v. *Commissioner*, *supra; Tarbox Corporation*, 6 T. C. 35; and *Hermax Co.*, 11 T. C. 442.

We hold that all the circumstances of which Sprague was aware in 1941 and 1942 put him on notice that petitioner might come within the definition of a personal holding company as defined by section 501 of the code. The exercise of ordinary business care and prudence dictated that Sprague investigate on his own account, or, at least, specifically inquire of a qualified tax adviser concerning the personal holding company status of petitioner and the tax consequences arising therefrom. Under the facts here mere submission of the corporate records to an accountant experienced in tax affairs plus passive reliance on his volunteering appropriate tax advice does not equal the proper standard of care on Sprague's part to avert a delinquency penalty. There is no evidence that Sprague, himself, investigated petitioner's tax liability as a personal holding company or consulted anyone on this matter, either before or after the corporate returns were prepared. It might have been a different matter if Sprague had asked Wolcott whether petitioner was liable for the personal holding company surtax and should file the Form 1120-H return, and had been advised that such filing was not required. But such is not the situation here.

We hold that such inaction on the part of petitioner's secretary-treasurer was not due to reasonable cause. Cf. *Genessee Valley Gas Co.*, 11 T. C. 184, and *Hermax Co.*, *supra*. Therefore, we uphold the 25 per cent delinquency penalty imposed by respondent for 1941 and 1942.

Reviewed by the Court.

*Decision will be entered for respondent.*

Arundell, *J.*, dissents.