MAYFLOWER INVESTMENT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48006. Filed July 21, 1955.

*S. G. Winstead, Esq.*, for the petitioner.
*Paul M. Newton, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge:* The first question is whether the $12,300 received in 1950, reported by the petitioner and held by the Commissioner to be interest, was interest and, therefore, personal holding company income within the meaning of section 502 (a), Internal Revenue Code. The petitioner has changed its position since filing its return and now contends that the amount represents, not the price received for the use of its money on a unit of time basis, *Elverson Corporation*, 40 B. T. A. 615, but its share of the profits of the business deal engaged in by the borrower. The petitioner's right to the payment of the $162,300 was not dependent upon the success of the venture in which the borrower engaged, the parties in no way indicated that the $12,300 portion thereof was anything other than interest, it was recognized as interest by the petitioner, and it was interest. *Kena, Inc.*, 44 B. T. A. 217.

The petitioner filed no personal holding company returns for any of the 5 taxable years but now concedes, after consulting competent counsel, that it was required to file such returns. It seeks to avoid

the additions to the tax for its failure to file the returns by showing that its failure was due to reasonable cause and not to willful neglect. Sec. 291 (a). The excuse offered for 1946 is that the petitioner relied upon its secretary, Waller, who knew all of the facts. But that does not suffice, since he had no special knowledge or training in tax law, he never gave any particular consideration to section 501 and ignorance of the law on the part of the taxpayer through its officers is no excuse. *Genesee Valley Gas Co.*, 11 T. C. 184, affd. 180 F. 2d 41; *Hermax Co.*, 11 T. C. 442, affirmed per curiam 175 F. 2d 776; *Tarbox Corporation*, 6 T. C. 35. The petitioner did not consult its present counsel about filing the returns. The only difference in the evidence on this point as it relates to the 4 later years is that during those years an attorney, the son-in-law of Collins, discussed with Waller the profit and loss statements before Waller made up the returns. This attorney was not employed by the petitioner, was not tax counsel for the petitioner and never was given any responsibility for filing its returns. Thus the evidence does not show that the failure to file the personal holding company returns for the 5 taxable years was due to reasonable cause and not to willful neglect. *Charles E. Pearsall & Son*, 29 B. T. A. 747; *Nirosta Corporation*, 8 T. C. 987; *Wm. J. Lemp Brewing Co.*, 18 T. C. 586; *Southeastern Finance Co.*, 4 T. C. 1069, affd. 153 F. 2d 205; *R. Simpson & Co.*, 44 B. T. A. 498, affirmed per curiam 128 F. 2d 742, writ dismissed 321 U. S. 225; *West End Co.*, 23 T. C. 815.

*Decision will be entered for the respondent.*