RICHARD K. HALEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Haley v. Commissioner
Docket No. 508-76.
United States Tax Court
T.C. Memo 1977-348; 1977 Tax Ct. Memo LEXIS 96; 36 T.C.M. (CCH) 1397; T.C.M. (RIA) 770348; September 29, 1977, Filed John J. Raymond, for the petitioner. Andrew M. Winkler, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined additions to petitioner's Federal income tax for 1969 as follows: Sec. 6651(a) [1]
Sec. 6653(a)
$8,612.63
$1,772.53
*97 The issues for decision are: (1) whether petitioner failed to timely file his 1969 Federal income tax return and whether such failure was due to reasonable cause and not due to willful neglect; and (2) whether there was negligent or intentional disregard of respondent's rules and regulations by petitioner with respect to his 1969 Federal income tax return. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner, Richard K. Haley, resided in New Albany, Ohio, at the time of filing the petition herein. Throughout the calendar year 1969, petitioner was married to his former wife, Carolyn Wukelic (Carolyn). In 1969 petitioner was actively engaged in the practice of medicine as an osteopathic physician. Records of his income and expense from his practice for that year were maintained by Carolyn. Early in January of 1970, petitioner and Carolyn separated and subsequently they obtained a divorce. When Carolyn moved from the residence occupied by herself and petitioner she took with her the records of income and expense pertaining to petitioner's medical practice. In order to complete his 1969 Federal income tax return, petitioner, during the *98 next several months, unsuccessfully attempted to recover his records from Carolyn. [2]
Prior to March 15, 1970, petitioner met with an employee of the Columbus, Ohio, office of the Internal Revenue Service to discuss his inability to prepare his 1969 income tax return because of his fruitless attempts to obtain his books and records from his former spouse. During this discussion, petitioner signed a document at the direction of the employee and was then told he had until July 15, 1970, in which to file his return. Although it appears no formal request for extension of time to file was submitted, petitioner believed the document he signed was sufficient for that purpose. On June 30, 1970, petitioner again visited respondent's Columbus, Ohio, office and explained to the four representatives with whom he met that he still did not have his records. At this meeting, petitioner was advised to file a return for 1969 showing approximately the same amount of tax due as he reported on his 1968 return. Acting upon this advice, petitioner proceeded *99 to complete page 1 of Form 1040. On this form he wrote his name, address, social security number, occupation, filing status, the number of dependents being claimed, and a tax due in the amount of $30,000. [3] In addition, he wrote the following across the face of the form: This is a tentative filing of return as my records are unavailable at this time. Extension requested prior to April 15, 1970 (March 1970). Amended return will be filed at a later date. He then signed, dated, and handed the form to the Service representatives. The Service accepted this document and journalized the assessment on June 30, 1970. Thereafter, still unable to retrieve his books and records from his former spouse, petitioner made extensive efforts to reconstruct his income and expenses for 1969 from his bank statements, duplicate invoices, and numerous patient record cards. In this reconstruction task petitioner utilized several of his employees. He also sought and obtained professional assistance in preparing a complete 1969 return. As a result of his efforts, *100 petitioner, on November 11, 1971, filed what he considered to be a completed amended return for 1969. Respondent, in his notice of deficiency, proposed the assessment of a 25 percent late filing penalty under section 6651(a) and a negligence penalty under section 6653(a) based on his contention that petitioner's 1969 Federal income tax return was untimely filed without reasonable cause. OPINION The first issue for decision is whether petitioner is liable for the 25 percent addition to tax under section 6651(a). [4] Resolution of this question requires us to determine whether petitioner timely filed his Federal income tax return for 1969 and, if he did not, whether this failure was due to reasonable cause. *101 Petitioner reported his income on the basis of a calendar year; therefore, his return for 1969 was due to be filed, absent an extension, on April 15, 1970. Sections 6072(a) and 6081(a). Because petitioner's return for 1969 was filed after April 15, 1970, and because a proper application for extension of time to file was not made, petitioner did not timely file his 1969 Federal income tax return. Accordingly, if the untimeliness of petitioner's return was not due to reasonable cause, he is liable for a late filing penalty under section 6651(a). The burden of establishing such reasonable cause is on the taxpayer. Bebb v. Commissioner,36 T.C. 170 (1961). Petitioner maintains that the unavailability of his records, coupled with his reliance on instructions he received from Service employees on two occasions, constitutes such reasonable cause. We agree. As we set out in our findings of fact, when petitioner's former spouse moved from the residence formerly occupied by the couple, she took with her the records of income and expense from petitioner's medical practice. *102 [5] Petitioner thereafter did all that he could to retrieve his records, including a request for assistance from a local Domestic Relations Court. Unable to obtain his records, petitioner on two separate occasions visited respondent's Columbus, Ohio, office seeking advice. After explaining his predicament to several of respondent's employees, and acting in reliance on the advice he received, petitioner signed what he thought was an extension request, and filed what he believed was a return for 1969. [6] Subsequently, petitioner, with the assistance of several of his employees and an accountant, was able to reconstruct his income and expenses for 1969 and file a completed return for that year on November 11, 1971. In view of the foregoing evidence *103 that petitioner's records were unavailable to him due to circumstances beyond his control, his extensive efforts to retrieve such records, and in view of his justifiable reliance on respondent's employees, we conclude that petitioner has established that his failure to timely file a 1969 Federal income tax return was due to reasonable cause. Respondent argues that petitioner has not sufficiently proven his reliance on Internal Revenue Service representatives. In support of his position respondent cites two decisions of this Court, namely, Lawrence Block Co. v. Commissioner,12 T.C. 366 (1949), and Lust v. Commissioner,T.C. Memo. 1975-16. However, the taxpayers in these cases merely offered uncorroborated, self-serving testimony to show their failure to timely file was due to their reliance on the Service's advice. Here petitioner has been able to corroborate his testimony concerning his reliance on respondent's employees on both occasions. This corroboration is found in the statement, set out in our findings of fact, which petitioner wrote across the face of page 1 of the Form 1040 he filed on June 30, 1970. We believe this evidence sufficient *104 to establish petitioner's reliance on respondent's employees and that such reliance, based on the facts in this case, was reasonable. The second issue for decision is whether petitioner is liable for an addition to tax under section 6653(a) for 1969. This section provides that "If any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations * * *, there shall be added to the tax an amount equal to 5 percent of the underpayment." Because petitioner did not have his records of income and expense for 1969, and because he did all that was possible to reconstruct those records, we cannot conclude that there was an "underpayment" of tax that was due to petitioner's negligence or his intentional disregard of respondent's rules and regulations. Decision will be entered for the petitioner. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. In his attempt to recover his records, petitioner sought the assistance of the Domestic Relations Court. This attempt failed, however.↩
3. A subsequent audit of petitioner's 1969 return by the Internal Revenue Service determined the correct tax due to be $34,450.51.↩
4. In case of failure to timely file an income tax return, sec. 6651(a)(1) provides in pertinent part: [Unless] it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩
5. At trial petitioner's former wife was called as a witness by respondent. In arriving at our conclusions in this case, we have considered that testimony insofar as we believe it to be credible. ↩
6. There was some dispute as to whether the page 1 of Form 1040 filed by petitioner on June 30, 1970, constituted a "return" for purposes of sec. 6651↩. In view of our holding in this case, we find it unnecessary to decide the matter.