T.C. Summary Opinion 2010-90

UNITED STATES TAX COURT

MARCEL AND JENNIFER AJAH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18458-08S.                    Filed July 8, 2010.

Jennifer Ajah, pro se.

<u>Diana P. Hinton</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $19,797 deficiency in petitioners' 2005 Federal income tax, an addition to tax under section 6651(a)(1) of $3,815, and a section 6662(a) accuracy-related penalty of $3,959.[2] The deficiency is based on respondent's disallowance of petitioners' claimed losses from rental real estate activities. The issues for decision are: (1) Whether the section 469 passive activity rules preclude deducting losses from rental real estate activities; (2) whether an addition to tax under section 6651(a)(1) is applicable; and (3) whether an accuracy-related penalty under section 6662(a) is applicable.[3]

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time of filing the petition, petitioners were residents of the State of New York. For matters of convenience, we will combine our findings and discussion herein.

Petitioner Jennifer Ajah (Mrs. Ajah) is an attorney, and petitioner Marcel Ajah (Dr. Ajah), her husband, is a medical doctor. Petitioners owned two rental properties in 2005. One

---

[2]All dollar amounts are rounded to the nearest dollar.

[3]Other adjustments were made to petitioners' return that were computational and, therefore, will not be discussed.

was a commercial property located in Jamaica, New York, which was the location of Dr. Ajah's medical practice. The second was a single-family residence in Baltimore, Maryland. Only Mrs. Ajah was involved in the rental real estate activities.[4]

The rental property in Maryland was sold for $80,000 in 2005. Petitioners did not report the sale on their 2005 joint Federal income tax return.

Petitioners' joint Federal income tax return for 2005 was prepared by an accountant and filed on July 25, 2006. Petitioners supplied the accountant with the requisite documentation for the completion of their Federal income tax return and complied with the accountant's request for more information. There is no record of an extension request's being filed. The return, as filed, showed an adjusted gross income of $192,070. Mrs. Ajah's 2005 Form W-2, Wage and Tax Statement, showed earnings of $67,500, and Dr. Ajah's showed earnings of $130,000. A Schedule C, Profit or Loss From Business, was also submitted showing $51,807 of net profit from a business. After exemptions and deductions, petitioners' return reflected a refund of $724. With the return, petitioners filed Schedule E,

---

[4]Dr. Ajah did not appear at trial and did not execute the stipulation of facts. Therefore, the Court will dismiss this case as to petitioner Marcel Ajah for lack of prosecution. See Rule 123(b). The Court will enter a decision as to petitioner Marcel Ajah consistent with the decision to be entered as to petitioner Jennifer Ajah.

Supplemental Income and Loss, reporting rental income for both properties of $36,500 and total expenses, including depreciation, for both properties of $97,415. Petitioners claimed losses of $60,915 in connection with the rental properties. No election to aggregate the rental properties was filed with the return.

Respondent's motion for summary judgment was denied because there was a genuine issue of material fact as to whether Mrs. Ajah was a real estate professional in 2005.

Burden of Proof

The Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that a determination set forth in a notice of deficiency is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142; New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Mrs. Ajah neither alleged that section 7491(a) applies nor established her compliance with the substantiation and recordkeeping requirements. See sec. 7491(a)(2)(A) and (B). Mrs. Ajah, therefore, bears the burden of proof. See Rule 142(a).

Section 469 Losses From Rental Real Estate Activities

Mrs. Ajah argues that all of the passive losses from rental real estate activities should be allowed to be taken as a deduction against passive income because she was a real estate professional in 2005. In general, passive activity credits and losses are not allowed. Sec. 469(a). A passive activity is defined as "any activity--(A) which involves the conduct of any trade or business, and (B) in which the taxpayer does not materially participate." Sec. 469(c)(1). A passive activity loss is defined as the excess of the aggregate losses from all passive activities for the taxable year over the aggregate income from all passive activities for that year. Sec. 469(d)(1). Rental real estate activity is generally treated as a per se passive activity regardless of whether the taxpayer materially participates. Sec. 469(c)(2), (4).

Exceptions to the general per se passive activity rule include: (1) If the taxpayer is in a real property business (a real estate professional) under section 469(c)(7)(B), then he is treated as involved in a trade or business and subject to the material participation requirements of section 469(c)(1); and (2) if the taxpayer actively participates in the rental real estate activities, then he is entitled to an offset of up to $25,000 against his passive activity losses under section 469(i).

A taxpayer qualifies as a real estate professional and is not engaged in a passive activity if:

> (i) more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year are performed in real property trades or businesses in which the taxpayer materially participates, and

> (ii) such taxpayer performs more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.

Sec. 469(c)(7)(B). In the case of a joint return, the same spouse must satisfy each requirement. Id.

In establishing whether a taxpayer's real property activities result in passive activity losses, each interest in rental real estate is treated as a separate rental real estate activity unless the qualifying taxpayer makes an election to treat all interests in rental real estate as a single rental real estate activity. Sec. 469(c)(7)(A). The taxpayer must clearly notify the Commissioner of his intent to make an election to treat multiple real estate activities as a single activity. See Knight-Ridder Newspapers, Inc. v. United States, 743 F.2d 781, 795 (11th Cir. 1984). A statement of election must be filed with the taxpayer's original return declaring that the election is under section 469(c)(7)(A). Sec. 1.469-9(g)(3), Income Tax Regs.

Section 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988) provides:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

This Court has acknowledged that these temporary regulations do not explicitly state what records a taxpayer needs to maintain, but we have consistently held that they do not allow a postevent "ballpark guesstimate". Fowler v. Commissioner, T.C. Memo. 2002-223; Goshorn v. Commissioner, T.C. Memo. 1993-578.

Mrs. Ajah argues that she qualifies as a real estate professional for the year in issue. She relies upon certificates from the Long Island Board of Realtors, Inc., the Multiple Listing Service of Long Island, Inc., and the State of New York Department of State Division of Licensing Services. These certificates reflect, respectively, that for 2005 she pledged to adhere to the realtor code of ethics, had completed required courses on broker rules and regulations, and was licensed as a real estate broker. Mrs. Ajah testified that she worked at least 20 hours a week for the 52 weeks of 2005 on the two rental properties. Mrs. Ajah did not offer any evidence as to the number of hours she worked as an attorney in 2005. No contemporaneous record, calendar, appointment book, or any other

method of recording time spent between rental real estate activities and activities as an attorney was provided. Thus, the Court is unable to conclude that more than one-half of Mrs. Ajah's personal services were devoted to the rental properties.

We conclude that Mrs. Ajah's method of calculating her time spent participating in the rental activities constitutes an impermissible "ballpark guesstimate". See Fowler v. Commissioner, supra; see also Goshorn v. Commissioner, supra. Mrs. Ajah did not establish by reasonable means that she performed more than one-half of her personal services in real property trades or businesses.

Petitioners did not file an election with their return to treat the two rental real estate interests as one activity. Petitioners did aggregate the rental properties on their Schedule E and may have done so in the past. This Court has consistently held that aggregating rental properties on Schedule E is not a deemed election under the requirements of section 469(c)(7)(A). Trask v. Commissioner, T.C. Memo. 2010-78 (citing Kosonen v. Commissioner, T.C. Memo. 2000-107 (aggregation of losses was not clear notice of election under section 469(c)(7))). Therefore, Mrs. Ajah would need to perform 750 hours of service for each rental real estate interest for a total of 1,500 hours to meet the test in section 469(c)(7)(B)(ii). If Mrs. Ajah's testimony (working a minimum of 20 hours per week) was accepted as the

number of hours engaged in real estate activities, her total hours for both rental properties would be 1,040 hours, less than the required 1,500 hours.

Because we have concluded that Mrs. Ajah was not a real estate professional under section 469(c)(7)(B), her rental real estate activities in 2005 were per se passive activities. See sec. 469(c)(2), (4). We must now decide whether Mrs. Ajah is entitled to a $25,000 offset under section 469(i). A taxpayer who "actively participated" in a rental real estate activity can deduct a maximum loss of $25,000 per year related to the activity. Sec. 469(i)(1) and (2). This exception is fully phased out, however, when adjusted gross income (AGI) equals or exceeds $150,000. Sec. 469(i)(3)(A). Petitioners reported AGI of $192,070.

Accordingly, petitioners cannot deduct any of the passive activity losses for 2005, and respondent's determination is sustained with respect to the section 469 disallowance.

Addition to Tax Under Section 6651(a)(1)

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing) unless the taxpayer establishes that the failure is due to reasonable cause and not due to willful neglect. United States v. Boyle, 469 U.S. 241, 243 (1985). "Reasonable cause as applied in section 6651 has been

defined as the 'exercise of ordinary business care and prudence.'" Estate of Duttenhofer v. Commissioner, 49 T.C. 200, 204 (1967) (quoting Se. Fin. Co. v. Commissioner, 153 F.2d 205, 205 (5th Cir. 1946), affg. 4 T.C. 1069 (1945)), affd. 410 F. 2d 302 (6th Cir. 1969); see also sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The section 6651(a)(1) addition to tax is equal to 5 percent of the amount of tax required to be shown on the return if the failure is not for more than 1 month, with an additional 5 percent to be added for each month or partial month during which the failure to file continues, not to exceed 25 percent in the aggregate.

Initially, the Commissioner has the burden of production with respect to any penalty, addition to tax, or additional amount. Sec. 7491(c). The Commissioner satisfies this burden of production by coming forward with sufficient evidence that indicates that it is appropriate to impose the penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner satisfies this burden of production, the taxpayer must persuade the Court that the Commissioner's determination is in error by supplying sufficient evidence of an applicable exception. Id.

Respondent satisfied his burden here. Petitioners' return was not filed until July 25, 2006, more than 3 months after the due date. There is no record of an extension request's being

filed for petitioners' return.  Therefore, it is up to petitioners to persuade the Court that their failure to file was due to reasonable cause and not willful neglect.

Mrs. Ajah relied on her claim that she and her husband signed an extension request and gave it to their accountant to show that they had reasonable cause for not timely filing their return.  The burden of prompt filing cannot be shifted from petitioners to their employee or agent, which would include petitioners' accountant.  See United States v. Boyle, supra at 249-250.  The fact that petitioners' accountant was expected to attend to the matter did not relieve petitioners from their duty to comply with the statute.  See id. at 250.

Mrs. Ajah also argues that there was no willful neglect because the return, as filed, reflected a refund of $724; therefore, no tax was owed.  Mrs. Ajah's argument that the return did not have to be timely filed because they believed a refund was due is misplaced.  All individuals who have gross income that equals or exceeds the exemption amount must file a Federal income tax return.  Sec. 6012(a)(1)(A).[5]  Petitioners had gross income well in excess of the exemption amount and were required to timely file a Federal income tax return.

---

[5]Petitioners fail to meet the criteria for any of the exceptions listed in sec. 6012.

Therefore, there was no reasonable cause for petitioners' failure to timely file their 2005 Federal income tax return, and they are liable for an addition to tax under section 6651(a)(1).

Accuracy-Related Penalty Under 6662(a)

Section 6662(a) and (b)(2) provides that a taxpayer may be liable for a penalty of 20 percent of the portion of an underpayment of tax attributable to a substantial understatement of income tax. An understatement of income tax is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Respondent has the burden of production with respect to the accuracy-related penalty. See sec. 7491(c).

Ten percent of the tax required to be shown on petitioners' return was $4,535. Petitioners' understatement must exceed $5,000 to be deemed substantial. Petitioners understated their tax by $19,797.[6] Therefore, respondent has met his burden of production.

Although a substantial understatement of income tax is determined by a straightforward mathematical equation, the reasonable cause and good faith exception of section 6664 still applies if warranted. The exception is for any portion of an

_____

[6]Because we find that there was a substantial understatement of income tax, there is no need to discuss other attributions to which the accuracy-related penalty would apply.

underpayment if there was reasonable cause and the taxpayer acted in good faith for that portion.  Sec. 6664(c).  Whether a taxpayer acted with reasonable cause and good faith is determined by the relevant facts and circumstances on a case-by-case basis. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.  "Reliance on an information return, professional advice, or other facts, however, constitutes reasonable cause and good faith if, under all the circumstances, such reliance was reasonable and the taxpayer acted in good faith."  Sec. 1.6664-4(b)(1), Income Tax Regs.; see United States v. Boyle, supra at 251.  An honest misunderstanding of fact or law that is reasonable in the light of the experience, knowledge, and education of the taxpayer may indicate reasonable cause and good faith.  Remy v. Commissioner, T.C. Memo. 1997-72; sec. 1.6664-4(b)(1), Income Tax Regs.  The most important factor is the extent of the taxpayer's effort to assess the proper tax liability.  Stubblefield v. Commissioner, supra; sec. 1.6664-4(b)(1), Income Tax Regs.

Section 469 and its regulations cover a highly complex area of the tax code.  Although Mrs. Ajah is an attorney who runs her own firm, she is not a tax attorney, and it is not unreasonable for her to seek guidance in this complicated area.  She and her husband enlisted the advice and help of an accountant to complete their 2005 Federal income tax return.  We find Mrs. Ajah's

testimony credible that they presented the accountant with the proper documents and complied with requests for additional information when asked.  The accountant then assured petitioners that they were entitled to the losses generated by the rental real estate activities.  "To require the taxpayer to * * * seek a 'second opinion,' * * * would nullify the very purpose of seeking the advice of a presumed expert in the first place."  United States v. Boyle, 469 U.S. at 251 (citing Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769, 771 (2d Cir. 1950), modifying 12 T.C. 735 (1949)).  We find, after considering all the facts and circumstances, that petitioners are not liable for the accuracy-related penalty under section 6662(a) for 2005.

To reflect the foregoing,

An appropriate order and decision will be entered.