JOSEPH T. PEEK, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 10650-78.  Filed February 26, 1980.

Joseph T. Peek, pro se.
*Marion Westen,* for the respondent.

### OPINION

IRWIN, *Judge:* This case is presently before the Court on respondent's motion for summary judgment under Rule 121, Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $1,385.15 in petitioner's Federal income tax. The sole issue presented for decision is whether the petitioner is entitled to a charitable deduction in 1974 for an amount paid to a charitable trust which was not

---

determined to be exempt from Federal income tax under section 501(c)(3)[1] until 1976.

The parties have stipulated certain facts. These stipulations together with the exhibits attached thereto form the basis for the facts recited herein.

At the time of the filing of the petition, the petitioner, Joseph T. Peek, was a resident of Arlington, Va. He filed a timely Federal income tax return for 1974 with the District Director of Internal Revenue, Richmond, Va.

On December 18, 1973, petitioner created a charitable trust later named the St. Peter's Trust for Christian Publications in Africa and Asia. The purpose of the trust was to spread the word of Christ in Africa and Asia through printed means. This was accomplished through a transfer of moneys from the trust to Christian missionary societies. At the time the trust was created, petitioner mistakenly believed that it was unnecessary to request a determination letter from the District Director of Internal Revenue Service to approve the desired tax-exempt status of the trust. Petitioner contributed $4,538.74 to the trust in 1974.

On September 24, 1976, an application signed by petitioner for tax-exempt status for the trust under section 501(c)(3) was received by the District Director of Internal Revenue, Baltimore, Md. The District Director determined that the trust was exempt from Federal income tax under section 501 (c)(3), and that the trust was not a private foundation within the purview of section 509(a). The effective date of the trust's exemption was September 24, 1976.

On his 1974 return, petitioner deducted $4,538.74 as a charitable contribution for the moneys he contributed to the trust in 1974. Respondent disallowed the entire deduction.

Rule 121(b), Tax Court Rules of Practice and Procedure, provides in pertinent part:

A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.

Respondent's motion for summary judgment is supported by

---

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954 in effect in the year in issue.

stipulations executed by the parties, the affidavit of respondent's representative, and respondent's memorandum of law. Respondent argues that since the trust was required to file for exempt status and this was not done until 1976, the contributions to the trust in 1974 are not properly deductible. We agree.

Sections 501(a) and 501(c)(3)[2] provide an exemption from Federal income tax for certain organizations devoted to charitable, religious, or educational purposes. Generally, organizations described in section 501(c)(3) and organized after October 9, 1969, are required by section 508(a) to formally apply for recognition of their tax-exempt status. The regulations specifically authorized by section 508(a)(1) provide that such application must be filed within 15 months from the end of the month in which the organization was formed or before March 22, 1973, whichever comes later. Sec. 1.508–1(a)(2)(i), Income Tax Regs. Organizations which file an untimely application for tax-exempt status will not be recognized as exempt for any period prior to the filing. Sec. 508(a)(2). Furthermore, a contribution to an organization during the period it is not exempt will not qualify for a charitable deduction under section 170. Sec. 508(d)(2)(B).

Petitioner's trust was created on December 18, 1973. Its application for exemption in September of 1976 was clearly untimely in view of the 15-month rule provided by the above cited regulation.

Petitioner on oral argument contends that the filing requirement is inapplicable to the trust which he created by virtue of section 508(c)(1)(A). That section provides that churches, their integrated auxiliaries, and conventions or associations of churches are excepted from the filing requirements of section 508(a). In an attempt to elaborate upon the wording of the

---

[2] SEC. 501. EXEMPTION FROM TAX ON CORPORATIONS, CERTAIN TRUSTS, ETC.

(a) EXEMPTION FROM TAXATION.—An organization described in subsection (c) * * * shall be exempt from taxation under this subtitle unless such exemption is denied under section 502 or 503.

(b) * * *

(c) LIST OF EXEMPT ORGANIZATIONS.—The following organizations are referred to in subsection (a):

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation, and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of any candidate for public office.

statute, section 1.508–1(a)(3)(i)(*a*), Income Tax Regs., states that the following organizations need not file for exempt status: "Churches, interchurch organizations of local units of a church, conventions or associations of churches, or integrated auxiliaries of a church, such as a men's or women's organization, religious school, mission society, or youth group."

We believe that the statute and the regulation clearly indicate that the exemption from the filing requirement applies only to churches or groups or subgroups within a church and not to independent trusts such as the one herein which distribute their income to unrelated organizations which, in turn, accomplish the desired purpose of the trust. Petitioner, in asserting that the trust qualifies as a mission society or convention or association of churches, misperceives the fact that the trust is not alined with, or a subgroup of, any church, but is, rather, an independent entity which simply funnels money for the publishing of religious materials to organizations which qualify as mission societies. The trust is not in and of itself a church, part of an association of churches, or a mission society. While it is true that the trust was organized for a religious purpose, it is equally certain that every religious organization is not per se a church or organized under the auspices of a church. See *Chapman v. Commissioner*, 48 T.C. 358, 363 (1967).

Accordingly, we hold that there was a failure to comply with the requirement of a filing for exempt status for the trust under section 508(a), and therefore, petitioner's contributions to the trust during 1974 are nondeductible. Sec. 508(d)(2)(B).

Petitioner alternatively argues that an employee of the Internal Revenue Service erroneously advised him as to the necessity of filing to secure tax-exempt status for the trust at the time of its creation. Due to the nature of a summary judgment proceeding, we view these assertions in the light most favorable to petitioner, who opposes the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473 (1962); *In re Yarn Processing Patent Validity Litigation*, 498 F.2d 271, 287 (5th Cir. 1974); *Jones v. Borden Co.*, 430 F.2d 568 (5th Cir. 1970). Even so, such facts would not excuse the failure to file an application for recognition of exemption. It is well settled that respondent is not bound by the unauthorized acts of its agents and that persons dealing with an agent of the Government must take notice of

the limitations of his authority. *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380 (1947); *Utah Power & Light Co. v. United States,* 243 U.S. 389, 409 (1917). See *Lawrence Block Co. v. Commissioner,* 12 T.C. 366 (1949).

In light of the record before us, we conclude that there is no genuine issue as to any material fact, and thus, respondent is entitled to prevail as a matter of law. Accordingly, respondent's motion for summary judgment is granted.

*An appropriate order will be entered.*