RONALD L. AND SANDRA J. HABERKORN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 15361–79.    Filed November 12, 1980.

Ronald L. Haberkorn, pro se.
*Scott A. Taylor,* for the respondent.

---

OPINION

TIETJENS, *Judge:* Respondent determined a deficiency of $156 in petitioners' Federal income tax for 1977. Since petitioners have conceded a reduction of $31 in their deduction for employee business expenses, the only issue is whether petitioners' mini-motorhome is a "dwelling unit" within the meaning of section 280A(f)(1)(A)[1] and, therefore, subject to the limitations imposed under section 280A(a).

This case was fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits are incorporated herein by reference.

Petitioners timely filed a joint Federal income tax return for 1977. When they filed their petition, petitioners resided in Prior Lake, Minn.

Ronald L. Haberkorn (hereinafter Ronald) owns a 1976 Holiday Rambler Mini-Motorhome which he rented to various individuals during 1977. During that year, in addition, Ronald used his mini-motorhome for personal purposes for 27 percent of the time if based on total miles driven or for 25 percent of the time if based on total days in use.

The mini-motorhome is a four-wheeled, self-propelled vehicle which in 1977 was licensed by the State of Minnesota as a motor vehicle. With a length of 22 feet, the mini-motorhome is equipped with a bathroom which includes a tub/shower combination, sink, medicine cabinet, and commode; a kitchen area which contains cabinets, a double sink, four burners for cooking, a refrigerator, and a pantry; and a living area which is comprised of a three-way dinette, a gaucho/sofa, overhead cabinets, and an overcab sleeper measuring 60 inches by 88 inches.

Petitioners argue that the mini-motorhome is a vehicle and that it is not similar to the examples of dwelling units specified in section 280A. Respondent, by contrast, maintains that a mini-motorhome is an example of "similar property" as used in section 280A(f)(1)(A) and that petitioners are therefore subject to the restrictions imposed by section 280A.

We hold for the respondent.

---

[1] All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, unless otherwise stated.

Section 280A limits a taxpayer's allowable deductions attributable to the rental of a dwelling unit which a taxpayer personally uses in excess of specified periods of time. Section 280A(f)(1)(A) defines a dwelling unit as including "a house, apartment, condominium, mobile home, boat, or similar property."

The legislative history of section 280A shows that Congress wanted to prevent taxpayers from converting nondeductible personal living expenses into deductible business expenses.

In the case of so-called "vacation homes" that are used both for personal purposes and for rental purposes, it would appear that frequently personal motives predominate and the rental activities are undertaken to minimize the expenses of ownership of the property rather than to make an economic profit. [Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, 94th Cong., 2d Sess. 143, 1976-3 C.B. (Vol. 2) 155.]

Essentially, a mini-motorhome, like all of the dwelling units specifically enumerated in section 280A(f)(1)(A), provides a shelter and accommodations for eating and sleeping. Although petitioners emphasize the relatively uncomfortable living that the mini-motorhome provides, whether a dwelling unit is primitive, cramped, or palatial is not determinative of its use as a "vacation home" and its consequent classification as a dwelling unit under the definition of the statute. Similarly, that the mini-motorhome is also a means of transportation and must therefore be licensed, regulated, and insured, as such, is an unimportant factor in determining its inclusion as a dwelling unit. Boats, which likewise serve as transportation, are specifically mentioned in the statute as dwelling units. There is no reason to assume that Congress intended to imply, as petitioners suggest, that only those boats moored to the harbor are dwelling units; rather, it seems more reasonable to infer that Congress was intending to include all boats with living facilities as dwelling units since Congress, while stating its desire to cover "vacation homes," did not seem concerned with requiring immobility or permanence for those homes.

Petitioners further argue that in *Hollesen v. Commissioner,* T.C. Memo. 1979-269, we implicitly held that mini-motorhomes are distinct from the dwelling units described in section 280A(f)(1)(A) when we determined that the taxpayers' rental of a 24-foot Winnebago motorhome was not an activity engaged in for profit by reference to percentage of miles rather than days

used. Petitioners, however, misinterpret *Hollesen;* in that case we examined the evidence to determine the existence of a profit motive. Although considering the nine factors set forth in section 1.183–2(b)(1)-(9), Income Tax Regs., we found the disproportionate percentage of miles used for personal use clearly indicated the lack of such motive. There was no conflicting evidence presented concerning the number of days used. Similarly, here, petitioners would not prevail whether we used a mileage or a days in use test.

Finally, petitioners' contention that in an earlier year's audit, respondent's agents accepted petitioners' classification of the mini-motorhome as not falling under section 280A is not persuasive. One, treatment of an item in another year's return not at issue here is irrelevant to our inquiry and, two, respondent is not bound by the erroneous acts of his agents. See *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 384 (1947); *Utah Power & Light Co. v. United States,* 243 U.S. 389, 409 (1917); *Peek v. Commissioner,* 73 T.C. 912 (1980).

*Decision will be entered for the respondent.*