T.C. Memo. 1996-194


UNITED STATES TAX COURT


CARLTON H. PERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7548-94.                    Filed April 22, 1996.


Carlton H. Perry, pro se.

<u>Paul G. Robeck</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency in petitioner's Federal income tax for 1989 in the amount of $6,058.

The issues remaining for decision are:

(1)  Is petitioner entitled to deduct for 1989 any of the expenses with respect to the use of his motor home that he claimed in Schedule E of his Federal income tax return for that

year (1989 return)?  We hold that he is not.

(2)  Is petitioner entitled to deduct for 1989 any of the expenses with respect to meals claimed in Schedule E of his 1989 return?  We hold that he is not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Portland, Oregon, at the time the petition was filed.  Petitioner and his former wife Barbara J. Perry (Ms. Perry) filed a joint 1989 return.[1]

During 1989, petitioner spent time researching and writing a novel that had not been published or sold as of the end of that year.  He also held certain investments during that year.

Petitioner's income for 1989, as reported in his 1989 return, included (1) interest income from savings, (2) dividend income from investments in various securities, (3) rental income from investments in rental real estate, and (4) capital gains from the sale of stocks and the sale of rental real estate.

Motor Home Expenses

During 1989, petitioner owned a 1987 Pace Arrow motor home (motor home) that was 33 to 34 feet in length and that was equipped with a kitchen, a bath, a sleeping area, a living area, a television, and a videocassette recorder.

---

[1]  Respondent's notice of deficiency (notice) for 1989 was issued to both petitioner and his former wife Ms. Perry.  Ms. Perry did not file a petition with respect to that notice, and, accordingly, she is not a party in the present case.

During the year at issue, petitioner, accompanied by his then wife Ms. Perry, used the motor home for the purpose of taking trips to various locations in Oregon. They used the motor home to reach their destination, and they slept and ate in the motor home during the course of those trips. The trips that petitioner and Ms. Perry took during 1989 were for the purpose of personal pleasure and recreation and were not business related. During 1989, petitioner did not at any time operate the motor home as a rental property.

During 1989, petitioner maintained a two-page handwritten log, entitled "MILAGE [sic] RECORDS For 1989" (mileage log), in which he recorded the following at the time he purchased gasoline for the motor home: The date of the purchase of gasoline, the city in which it was purchased, the odometer reading of the motor home, the generator use of the motor home, the number of gallons of gasoline purchased, the dollar amount paid for the purchase of gasoline, and other miscellaneous motor home expenses, such as propane refills. The mileage log did not in any way indicate that there was any business purpose for the trips that petitioner and Ms. Perry took in, or for any other use of, the motor home during 1989.

During 1989, petitioner also maintained a handwritten log (handwritten log) consisting of 61 pages of notes that described in detail the trips that he and Ms. Perry took in the motor home during that year. In that handwritten log, petitioner noted that

(1) he and Ms. Perry took a total of 10 trips during 1989; (2) those trips were taken during the months of April through October 1989; (3) each such trip lasted from two to 15 days; and (4) the total number of days that they spent on those trips was 70 days. Petitioner also described in detail in the handwritten log his experiences during such trips, including the places at which he and Ms. Perry camped, the walks and hikes they took, the flowers, plants, and wildlife they saw, an old grave site they visited, the sunrises and the sunsets they watched, and the food they ate. The handwritten log did not in any way indicate that there was any business purpose for the trips that petitioner and Ms. Perry took in, or for any other use of, the motor home during 1989.

In his 1989 return, petitioner reported the following expenses totaling $17,442 that he claimed were associated with the maintenance of the motor home:

| | |
|---|---|
| Depreciation | $8,106 |
| Equipment repairs | 363 |
| Gas, lube, tune-up | 1,469 |
| General maintenance and repair | 1,669 |
| Groceries and related items | 939 |
| Household miscellaneous expenses | 285 |
| Insurance | 929 |
| Interest | 3,682 |

Petitioner allocated 50 percent of the total reported expenses of $17,442 to his rental real estate activities and claimed a deduction of $8,721 in Schedule E of his 1989 return for the use of the motor home in connection with those activi-

ties.  He allocated approximately 25 percent of those reported
expenses to activities relating to his researching and writing a
novel during 1989 and claimed a deduction of $4,360 in Schedule C
of his 1989 return for the use of the motor home in connection
with those activities.  Petitioner allocated the remaining por-
tion of those reported expenses to his personal activities and
did not claim a deduction for the use of the motor home in
connection with those activities.

Meal Expenses

During 1989, petitioner incurred expenses for meals at var-
ious restaurants in the total amount of $6,500.  Those expenses
reflected the cost of meals for petitioner and Ms. Perry.  During
the year at issue, petitioner did not at any time buy meals for
prospective tenants and did not typically buy meals for then
current tenants.  Petitioner allocated 25 percent of the total
meal expenses of $6,500 to his rental real estate activities and
claimed a deduction with respect thereto in the amount of $1,625
in Schedule E of his 1989 return.

OPINION

Petitioner bears the burden of proving that respondent's
determinations are erroneous.  Rule 142(a);[2]  Welch v. Helvering,
290 U.S. 111, 115 (1933).  Deductions are strictly a matter of

---

[2]  All section references are to the Internal Revenue Code (Code)
in effect for the year at issue.  All Rule references are to the
Tax Court Rules of Practice and Procedure.

legislative grace, and petitioner bears the burden of proving that he is entitled to any deduction claimed.  New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Petitioner attempted to satisfy his burden of proof in this case through his own testimony and certain documentary evidence. We found petitioner's testimony at times questionable, general, vague, conclusory, and evasive.  Under the circumstances present-ed here, we are not required to, and we do not, rely on petition-er's testimony to sustain his burden of establishing error in respondent's determinations.  See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per curiam T.C. Memo. 1969-159; Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  As for the documentary evidence on which petitioner relies, for the reasons discussed below, we find that those documents do not support petitioner's contentions and/or are unreliable.

Motor Home Expenses

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.[3]  To be entitled to a deduction

---

[3]  Sec. 212 allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year for the produc-tion or collection of income or for the management, conservation, or maintenance of property held for the production of income. Petitioner has not expressly argued that he is entitled to a
(continued...)

under section 162(a), the taxpayer must establish, inter alia, that the expense for which a deduction is claimed was incurred primarily for business, rather than personal, reasons and that there is a proximate relationship between the expense and the taxpayer's business.  See Henry v. Commissioner, 36 T.C. 879, 884 (1961); Larrabee v. Commissioner, 33 T.C. 838, 841 (1960).  The determination of whether an expenditure satisfies the requirements of deductibility under section 162 is a question of fact. Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Section 167(a) allows as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear of property used in a trade or business or for the production of income.  No depreciation deduction is allowed for property that is used solely for pleasure.  Sec. 1.167(a)-2, Income Tax Regs.; see sec. 262.

Section 280A(a) generally disallows a deduction, otherwise allowable under the Code, with respect to the use of a dwelling unit, including a "mobile home * * * or similar property", if the taxpayer's personal use of the unit during the year exceeds the greater of 14 days or 10 percent of the number of days during such year for which the unit is rented at a fair rental.  Sec. 280A(a), (d)(1), and (f)(1)(A).

---

³(...continued)
deduction under that section for any of the motor home expenses at issue.  Nor would the record support such an argument, since, as we hold infra, petitioner has failed to establish that the motor home was used in connection with his rental real estate, rather than personal, activities.

Section 280A(c) provides certain exceptions to the general disallowance rule of section 280A(a).  The pertinent exception in the instant case is that prescribed by section 280A(c)(1).  That section provides that section 280A(a) shall not apply to any item to the extent the taxpayer can establish that such item is allocable to a portion of his or her dwelling unit that is used (1) exclusively, (2) on a regular basis, and (3) for one of the following purposes:

(a) As the principal place of business for any trade or business of the taxpayer,

(b) as a place of business that is used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his or her trade or business, or

(c) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.[4]

Although petitioner's argument is not altogether clear, he appears to contend that (1) he is entitled to a deduction for 1989 under sections 162(a) and 167(a) for the motor home expenses reported in Schedule E of his 1989 return because the motor home was used in connection with his rental real estate activities and

---

[4]  In order to satisfy the requirements of sec. 280A(c)(1), the taxpayer must establish, inter alia, that an expense item is allocable to a portion of his or her dwelling unit that such taxpayer used in connection with an activity that constitutes a trade or business within the meaning of sec. 162(a), and not merely in connection with an activity that constitutes an income-producing activity within the meaning of sec. 212.  Curphey v. Commissioner, 73 T.C. 766, 770 (1980).

(2) those expenses are not disallowed under section 280A(a) because his use of the motor home as the principal place of business for the operations of those activities falls within the exception provided by 280A(c)(1).[5]

Respondent contends that petitioner is not entitled for 1989 to a deduction for the motor home expenses at issue because he failed to prove that the motor home was used in connection with his rental real estate, rather than personal, activities. Respondent further contends that even if the deductions were otherwise allowable by the Code, they are disallowed under section 280A(a) because petitioner has failed to establish that he used the motor home exclusively in connection with his rental real estate activities as required by section 280A(c)(1).

Petitioner relies on three documents to support his contention that he used the motor home in connection with his rental real estate activities and claims that those documents corroborate his testimony that he used the motor home as a place to meet with tenants, as a vehicle by which to transport material, as a storage place to store equipment, and as a vehicle to travel to various destinations in Oregon in search of new real estate investments.

Two of the documents on which petitioner relies are the

---

[5] Petitioner concedes that he is not entitled to a deduction for 1989 for the reported motor home expenses that he allocated to activities relating to his researching and writing a novel during 1989 and for which he claimed a deduction in Schedule C of his 1989 return.

mileage log and the handwritten log. The mileage log contained information relating to the dates on which petitioner purchased gasoline for the motor home, the cities in which it was purchased, the odometer readings of the motor home, the generator use of the motor home, the number of gallons of gasoline purchased, the respective dollar amounts paid for the gasoline purchased, and other miscellaneous motor home expenses, such as propane refills. The handwritten log consisted of 61 pages of notes in which petitioner described in detail his experiences during the trips that he and Ms. Perry took in the motor home during the months of April through October 1989, including the places at which they camped, the walks and hikes they took, the flowers, plants, and wildlife they saw, an old grave site they visited, the sunrises and the sunsets they watched, and the food they ate. Neither the mileage log nor the handwritten log in any way indicated that there was any business purpose for the trips that petitioner and Ms. Perry took in, or for any other use of, the motor home during 1989.[6] To the contrary, the handwritten

_____

[6] Petitioner testified that notations made in the far right margin of the mileage log in the form of slash marks under a column labeled "Calls" represent the times that he met with his tenants in the motor home with respect to matters relating to his real estate rentals. Petitioner further testified inconsistently as to whether those notations were contemporaneous records of those alleged meetings. The mileage log contained no notations of (1) the names of the tenants with whom petitioner allegedly met in the motor home, (2) the dates or the times of such alleged meetings, or (3) the subjects that he discussed during such alleged meetings. On the instant record, we place no particular weight on the slash marks in the mileage log or, for the reasons stated above, on petitioner's testimony concerning them in
(continued...)

log establishes that petitioner used the motor home to take trips that were for the purpose of personal pleasure and recreation and that were not related to petitioner's rental real estate activities.

The third document on which petitioner relies is entitled "1989 Pace Summary of R.E [sic] Investment/Travel Activity" (real estate log). We have serious reservations about the reliability of that document. It purports to be a list of the real properties that petitioner allegedly visited during the trips in 1989 that he and Ms. Perry took in the motor home. The real estate log was created by petitioner on his personal computer and was saved on a computer diskette. Petitioner produced that log on October 2, 1995, two days prior to the trial herein and after having been informed by respondent's counsel that, as far as respondent was concerned, the documents petitioner had presented to respondent's counsel failed to establish a business purpose for the motor home during 1989. On cross-examination, when petitioner was asked whether he had made any substantive changes to the real estate log prior to the trial, he was evasive in his response. In addition, the real estate log contained a general and vague description of the real properties that petitioner purportedly visited during 1989 and did not contain any specific information relating to such properties, such as the addresses

---

[6](...continued)
determining whether the motor home was used in connection with petitioner's rental real estate activities.

thereof, the names and phone numbers of sellers or real estate brokers, or the asking prices of any such properties.

Our reservations about the reliability of the real estate log are compounded by the results of an examination of the computer diskette on which the real estate log was saved that was conducted by Leslie Sawyer (Ms. Sawyer), a computer investigative specialist employed by the Internal Revenue Service. The first and last entries in the real estate log relating to the real properties that petitioner purportedly visited during 1989 were dated February 12, 1989, and December 7, 1989, respectively. Ms. Sawyer printed a directory listing of the computer diskette on which the real estate log was saved, and that directory listing indicated that that log was last saved at a time when the computer system's date was set on December 7, 1989, which is consistent with the date of the last entry in that log. Ms. Sawyer also used a computer program, known as "Norton Utilities", to retrieve a document that was at one time saved on that computer diskette and later deleted. That document was substantially identical to the real estate log and was last saved at a time when the computer system's date was set on January 1, 1989. Petitioner did not offer an adequate explanation as to why a document that was saved at a time when the computer system's date was set on January 1, 1989, contained information with dates after that date.

Based on the state of the record in this case, we do not place any particular weight on the real estate log in resolving whether petitioner used the motor home in connection with his rental real estate activities. Even assuming arguendo that we were willing to place any weight on that log, we do not believe that it establishes that the trips taken by petitioner in the motor home during 1989 were primarily for business, rather than personal, purposes, nor does it establish any other business use of the motor home during that year.[7]

Based on our review of the entire record in this case, we find that petitioner has failed to establish that the motor home was used in carrying on his rental real estate activities within the meaning of section 162(a) or that it was used in or for those activities within the meaning of section 167(a).[8] Consequently, we find that petitioner has failed to establish that he is entitled for 1989 to the deductions he claimed under sections 162(a) and 167(a) with respect to the motor home.

Even assuming arguendo that the motor home expenses at issue were allowable deductions under sections 162(a) and 167(a), those

---

[7] Although petitioner also testified about the real properties that he allegedly visited during the trips in 1989 that he and Ms. Perry took in the motor home, his testimony with respect to that matter was general, vague, and/or conclusory. As stated above, we are unwilling to rely on petitioner's testimony to sustain his burden of proof in this case.

[8] In fact, petitioner has failed to establish that during the year at issue his rental real estate activities were sufficiently systematic and continuous so as to constitute a trade or business. See Curphey v. Commissioner, 73 T.C. at 775.

deductions would be disallowed by section 280A(a).  The motor home owned and used by petitioner during 1989 was a dwelling unit within the meaning of section 280A(f)(1)(A).  See Haberkorn v. Commissioner, 75 T.C. 259, 260 (1980).  In addition, the motor home was a residence within the meaning of section 280A(d)(1) because (1) petitioner did not at any time operate the motor home as a rental property and (2) petitioner concedes that he used the motor home for personal purposes and does not dispute that his personal use exceeded 14 days.  See sec. 280A(d)(1).  Accordingly, assuming arguendo that deductions for the motor home expenses at issue were allowable under sections 162(a) and 167(a), those deductions would be disallowed under section 280A(a) unless petitioner were to establish that they were allocable to a portion of the motor home that was used exclusively and on a regular basis in connection with his rental real estate activities for one of the purposes enumerated in section 280A(c)(1).

The exclusive use requirement of section 280A(c)(1) requires that the taxpayer use a portion of a dwelling unit solely for the purpose of carrying on a trade or business and that there be no personal use of that part of the dwelling unit.  See Cadwallader v. Commissioner, 919 F.2d 1273, 1275 (7th Cir. 1990), affg. T.C. Memo. 1989-356; Goldberger, Inc. v. Commissioner, 88 T.C. 1532, 1557 (1987) (quoting S. Rept. 94-938 (1976), 1976-3 C.B. (Vol. 3) 49, 186; H. Rept. 94-658 (1975), 1976-3 (Vol. 2) 695, 853)).  The use of a portion of a dwelling unit for both personal and busi-

ness purposes does not meet the exclusive use requirement of section 280A(c)(1). <u>Goldberger, Inc. v. Commissioner</u>, <u>supra</u> at 1557. Petitioner has failed to establish that he used any portion of the motor home solely for the purpose of carrying on his rental real estate activities. Accordingly, petitioner has failed to satisfy the exclusive use requirement of section 280A(c)(1). Consequently, assuming arguendo that deductions for the motor home expenses at issue were allowable under sections 162(a) and 167(a), those deductions would be disallowed under section 280A(a).[9]

Based on our review of the entire record before us, we sustain respondent's determination that petitioner is not entitled to deduct for 1989 the motor home expenses at issue.

Meal Expenses

In Schedule E of his 1989 return, petitioner claimed a deduction of $1,625 for meal expenses. Respondent determined that petitioner is not entitled to that claimed deduction because he has failed to establish (1) that those expenses were ordinary and necessary expenses paid in carrying on a trade or business under section 162(a) or for the production or collection of income under section 212 and (2) that he complied with the substantiation requirements of section 274(d).

---

[9] We note, however, that petitioner also has failed to satisfy the requirements of sec. 280A(c)(1) because he has not established that his rental real estate activities constituted a trade or business within the meaning of sec. 162(a). See <u>supra</u> notes 4, 8.

In general, for purposes of section 162(a) and section 212, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business or income-producing activity out of which it arose.  See, e.g., Deputy v. du Pont, 308 U.S. 488, 495-496 (1940); Estate of Davis v. Commissioner, 79 T.C. 503, 507 (1982).  Ordinarily, for purposes of those sections, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business or income-producing activity.  See, e.g., Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Estate of Davis v. Commissioner, supra.

Petitioner testified generally that the meal expenses at issue are expenses that were incurred in connection with his rental real estate activities because he used the time that he spent at various restaurants to establish a business relationship with the restaurant's waiters, waitresses, and patrons, who assisted him in the promotion of his rental real estate by referring prospective tenants to him.  The meal expenses incurred by petitioner during 1989 reflected the cost of meals for petitioner and Ms. Perry.  During that year, petitioner did not at any time buy meals for prospective tenants and did not typically buy meals for then current tenants.  The record does not establish the identity of any tenants or other individuals associated with his rental real estate activities for whom petitioner bought meals during 1989, the amounts expended on any such meals, the dates or times that he bought any such meals, or the business that was

discussed during any such meals.  Based on the instant record, we find that petitioner has failed to establish that the meal expenses incurred during 1989 were ordinary and necessary expenses that were incurred in connection with his rental real estate activities.

Petitioner also failed to establish that he satisfied the substantiation requirements of section 274(d).[10]  A taxpayer may satisfy the substantiation requirements of section 274(d) by adequate records or by sufficient evidence corroborating his or her own statement.  Sec. 1.274-5(c)(1), Income Tax Regs.  To meet the adequate records requirements of section 1.274-5(c)(1), Income Tax Regs., a taxpayer must keep an account book, diary, or similar document that records information required by section

---

[10]  Sec. 274(d) provides in pertinent part:

(d)  SUBSTANTIATION REQUIRED.--No deduction or credit shall be allowed--

* * * * * * *

(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity,

* * * * * * *

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, amusement, recreation, or use of the facility or property, * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained * * *.

274(d) (including a written statement of the business purpose of the expenditure) and that is prepared at or near the time the expense is paid. Sec. 1.274-5(c)(2), Income Tax Regs. Where a taxpayer fails to comply with the adequate records requirements of that regulation, he or she may satisfy the substantiation requirements of section 274(d) by (1) his or her own statement, written or oral, that contains specific information in detail relating to those substantiation requirements and (2) other corroborative evidence sufficient to establish those require- ments. Sec. 1.274-5(c)(3), Income Tax Regs.

Petitioner did not present any contemporaneous account book, diary, or similar document that recorded information required by section 274(d). In addition, petitioner testified in a general manner about the meal expenses at issue, and his testimony did not contain specific information in detail as to the business purpose for those expenses and was not accompanied by any cor- roborative evidence. Accordingly, petitioner failed to satisfy the substantiation requirements of section 274(d).

Based on our review of the entire record in this case, we sustain respondent's determination that petitioner is not en- titled to deduct for 1989 the meal expenses at issue.

To reflect the foregoing and petitioner's concessions,

Decision will be entered for

respondent.
