

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DELLWARD R. JACKSON; JUDITH N. JACKSON, | No. 14-73680 |
| Petitioners-Appellants, | Tax Ct. No. 2513-11 |
| v. | MEMORANDUM* |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Appeal from a Decision of the
United States Tax Court
Robert A. Wherry, Tax Court Judge, Presiding

Submitted December 15, 2016**
San Francisco, California

Before: LUCERO,*** GRABER, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

\*** The Honorable Carlos F. Lucero, Circuit Judge, United States Court of Appeals for the Tenth Circuit, sitting by designation.

Petitioners Dellward and Judith Jackson appeal the Tax Court's decision that they were prohibited from deducting business expenses related to their recreational vehicle ("RV") in tax years 2006 and 2007 and that Petitioners are liable for accuracy-related penalties for those tax years. We review de novo the Tax Court's legal conclusions, and we review the Tax Court's findings of fact for clear error. Hongsermeier v. Comm'r, 621 F.3d 890, 899 (9th Cir. 2010); see also 26 U.S.C. § 7482(a)(1). We affirm.

1. Petitioners' RV-related deductions are precluded by 26 U.S.C. § 280A, which provides that "no deduction . . . shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence." A "dwelling unit" is defined as "a house, apartment, condominium, mobile home, boat, or similar property." Id. § 280A(f)(1)(A). Petitioners' RV is "similar property" within the statute's residual category. See, e.g., Haberkorn v. Comm'r, 75 T.C. 259, 260 (1980) (holding that a "mini-motorhome" is a dwelling unit under § 280A(f)(1)(A)).

"[A] taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds . . . 14 days." 26 U.S.C. § 280A(d)(1)(A). The statute counts "us[ing] a dwelling unit for personal purposes for a day" as when, "for any part of

2

such day, the unit is used . . . for personal purposes by the taxpayer." Id. § 280A(d)(2)(A). The Tax Court did not clearly err in finding that Petitioners used their RV for "personal purposes" for "more than 14 days" in 2006 and 2007. The Tax Court also did not clearly err in finding § 280A(c)(1)(B) inapplicable, because that provision permits a deduction only when it "is allocable to a portion of the dwelling unit which is exclusively used on a regular basis" as the taxpayer's "principal place of business" or by "clients . . . in meeting or dealing with the taxpayer." Id. § 280A(c)(1)(A), (B) (emphasis added).

2. In certain underpayment situations, the Tax Code imposes an accuracy-related penalty "equal to 20 percent of the portion of the underpayment to which this section applies." 26 U.S.C. § 6662(a). One such situation is "[a]ny substantial understatement of income tax," id. § 6662(b)(2), defined as exceeding the greater of (1) $5,000, or (2) an understatement equal to "10 percent of the tax required to be shown on the return," id. § 6662(d)(1)(A). The Tax Court did not clearly err in finding that Petitioners' understatements for 2006 and 2007 exceeded $5,000, which was greater than 10% of the tax required to be shown.

Because the Tax Court concluded that Petitioners did not produce sufficient evidence that they acted with reasonable cause and in good faith, the court also did

3

not err in concluding that Petitioners are ineligible for the defense to accuracy-related penalties set forth in 26 U.S.C. § 6664(c)(1).

**AFFIRMED.**

**14-73680, Jackson v. Commissioner of Internal Revenue (Lucero, J., dissenting in part).**

I join in most of the dispositional memorandum of my colleagues but dissent as to the Jacksons' liability for the 2007 tax year. Because the use of the recreational vehicle was an indispensable requirement for the sale of insurance, and any "personal use" of the recreational vehicle in 2007 was purely incidental to that business use, I would allow the Jacksons' deductions for that year.

Section 280A(d)(1) bars deductions with respect to a dwelling unit used for "personal purposes." But any such use by the Jacksons during 2007 was necessarily dominated by their business purpose and use: without their recreational vehicle they could not have entered RV rallies to sell insurance. Accordingly, I would consider the Tax Court's determination as to the Jacksons' 2007 tax liability to be clearly erroneous. See Hongsermeier v. Comm'r, 621 F.3d 890, 899 (9th Cir. 2010); see also 26 U.S.C. § 7482(a)(1). The Tax Court acknowledged that its result seemed "harsh." The only way to mitigate that harshness is to allow the deduction. This is a sui generis case with unique facts that are unlikely to arise in any other context; under these circumstances, I would allow the business deduction.