MEMORANDUM ***
Petitioners Dellward and Judith Jackson appeal the Tax Court’s decision that they were prohibited from deducting business expenses related to their recreational vehicle (“RV”) in tax years 2006 and 2007 and that Petitioners are liable for accuracy-related penalties for those tax years. We review de novo the Tax Court’s legal conclusions, and we review the Tax Court’s findings of fact for clear error. Hongsermeier v. Comm’r, 621 F.3d 890, 899 (9th Cir. 2010); see also 26 U.S.C. § 7482(a)(1). We affirm.
1. Petitioners’ RV-related deductions are precluded by 26 U.S.C. § 280A, which provides that “no deduction ... shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence.” A “dwelling unit” is defined as “a house, apartment, condominium, mobile home, boat, or similar property.” Id. § 280A(f)(l)(A). Petitioners’ RV is “similar property” within the statute’s residual category. See, e.g., Haberkorn v. Comm’r, 75 T.C. 259, 260 (1980) (holding that a “mini-motorhome” is a dwelling unit under § 280A(f)(l)(A)).
“[A] taxpayer uses a dwelling unit during the taxable year as a residence if he uses such unit (or portion thereof) for personal purposes for a number of days which exceeds ... 14 days.” 26 U.S.C. § 280A(d)(l)(A). The statute counts “us[ing] a dwelling unit for personal purposes for a day” as when, “for any part of such day, the unit is used ... for personal purposes by the taxpayer.” Id. § 280A(d)(2)(A). The Tax Court did not clearly err in finding that Petitioners used their RV for “personal purposes” for “more than 14 days” in 2006 and 2007. The Tax Court also did not clearly err in finding § 280A(c)(l)(B) inapplicable, because that provision permits a deduction only when it “is allocable to a portion of the dwelling unit which is exclusively used on a regular basis” as the taxpayer’s “principal place of business” or by “clients.... in meeting or dealing with the taxpayer.” Id § 280A(c)(l)(A), (B) (emphasis added).
2. In certain underpayment situations, the Tax Code imposes an accuracy-related penalty “equal, to 20 percent of the portion of the underpayment to which this section applies.” 26 U.S.C. § 6662(a). One such situation is “[a]ny substantial understate *762 ment of income tax,” id. § 6662(b)(2), defined as exceeding the greater of (1) $5,000, or (2) an understatement equal to “10 percent of the. tax required to be shown on the return,” id. § 6662(d)(1)(A). The Tax Court did not clearly err in finding that Petitioners’ understatements for 2006 and 2007 exceeded $5,000, which was greater than 10% of the tax required to be shown.
Because the Tax Court concluded that Petitioners did not produce sufficient evidence that they acted with reasonable cause and in good faith, the court also did not err in concluding that Petitioners are ineligible for the defense to accuracy-related penalties set forth in 26 U.S.C. § 6664(c)(1).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3,